UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

JOEY D GONZALEZ RAMOS,

      Plaintiff,

v.

U.S. DEPARTMENT OF AGRICULTURE,
and UNKNOWN EMPLOYEES OF THE
U.S. DEPARTMENT OF AGRICULTURE AND
THE DEPARTMENT OF JUSTICE,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant United States Department of Agriculture's ("Defendant" or "USDA") Motion to Dismiss Count I of Plaintiff's First Amended Complaint, ECF No. [24] ("Motion"). *Pro se* Plaintiff Joey D. Gonzalez Ramos ("Plaintiff") filed a Response in Opposition, ECF No. [32] ("Response"), to which Defendant filed a Reply, ECF No. [34] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

## I.    BACKGROUND

On January 29, 2022, Plaintiff, who is a former federal employee of the USDA, filed his Complaint against the USDA and unknown employees of the USDA and the United States Department of Justice ("DOJ"). *See* ECF No. [1]. Plaintiff then filed an Amended Complaint on March 4, 2022, adding Vanessa Eisemann ("Eisemann") as a defendant. *See* ECF No. [13] ("Amended Complaint"). In the Amended Complaint, Plaintiff alleges that Defendants unlawfully

disseminated information protected by the Privacy Act in violation of U.S.C. § 552a(b) ("Count I"), the USDA failed to timely notify whether it would comply with a FOIA request in violation of 5 U.S.C. § 552(a)(6)(A)(i) ("Count II"), the USDA failed to disclose responsive documents in violation of 5 U.S.C. § 552(b) ("Count III"), the USDA failed to segregate responsive documents in violation of 5 U.S.C. § 552(b) ("Count IV"), the USDA failed to disclose names of persons responsible for denial of records in violation of 5 U.S.C. § 552(a)(6)(C)(i) ("Count V"), and the USDA failed to timely respond to Plaintiff's appeal in violation of 5 U.S.C. § 552(a)(6)(A)(ii) ("Count VI"). *See id.* With respect to Count I, Plaintiff alleges that Defendants disseminated information concerning Plaintiff's status on administrative leave to non-parties John J. Murphy III ("Murphy") and ADR Vantage, Inc. ("ADR"). *See id.* ¶¶ 1, 51. After filing the Amended Complaint, Plaintiff voluntarily dismissed Eisemann from the instant case. *See* ECF Nos. [22], [23].

Following the dismissal of Eisemann, Defendant filed the instant Motion seeking to dismiss Count I of the Amended Complaint. *See* ECF No. [24]. Defendant contends that Plaintiff has failed to state a claim because Plaintiff's employment status is not protected by the Privacy Act and Plaintiff's allegations do not satisfy the Rule of Retrieval. *See id.* at 9-14. Defendant also argues that Plaintiff failed to adequately allege actual damages and Defendant did not waive sovereign immunity over Plaintiff's claims of emotional and reputational harm. *See id.* at 14-16. Finally, Defendant argues that only a federal agency can be a defendant for a Privacy Act claim and there is no right of action against unknown employees of the USDA and DOJ. *See id.* at 16-17. Plaintiff responds that the Amended Complaint properly alleges a violation of the Privacy Act because the information disclosed by Defendants is part of a system of records and the Rule of Retrieval is contrary to existing law. *See* ECF No. [32] at 8-16. Plaintiff further argues that the Amended

Complaint sufficiently alleges Plaintiff's damages. *See id.* at 16-18. Defendant's Reply followed. *See* ECF No. [34].[1]

## II.    LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

---

[1] Plaintiff subsequently filed a Motion for Leave to File Surreply to Defendant's Reply to Motion to Dismiss Count I of Plaintiff's First Amended Complaint, which the Court denied. *See* ECF Nos. [35], [38].

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   DISCUSSION

### A.   Employment Status

Defendant first contends that Plaintiff failed to state a claim under the Privacy Act because Plaintiff's employment status, which Defendant allegedly disclosed, is not protected by the Privacy Act. *See* ECF No. [24] at 10-12 (citing *Stuart v. Vilsack*, No. 14-CV-416-SMJ, 2016 WL 6902347, *9 (E.D. Wash. Nov. 23, 2016); *Tennessean Newspaper, Inc. v. Levi*, 403 F.Supp. 1318, 1321 (M.D. Tenn. Nov. 11, 1975); *Tripp v. Department of Defense*, 193 F.Supp.2d 229, 236 (D.D.C. 2002); *National Western Life Ins. Co. v. United States*, 512 F.Supp. 454, 461 (N.D. Tex. 1980); *Jafari v. Dep't of Navy*, 728 F.2d 247, 249 (4th Cir. 1984), *Windsor v. A Fed. Exec. Agency*, 614 F. Supp. 1255, 1261 (M.D. Tenn. 1983), *aff'd sub nom. Windsor v. Fed. Exec. Agency Termed U.S. Dep't of Just.*, 767 F.2d 923 (6th Cir. 1985)).

Plaintiff responds that Plaintiff's status on administrative leave is at issue here and Plaintiff's status on administrative leave does not equate to Plaintiff's employment status. *See* ECF No. [32] at 8. As such, Plaintiff contends that Defendant's reliance on cases involving the disclosure of employment status, as opposed to the disclosure of administrative leave status, is inapposite. *See id.* at 8-9. Plaintiff further submits that Plaintiff's status on administrative leave is part of the system of records on Plaintiff's employment *history* and, therefore, protected by the Privacy Act. *See id.* at 10. Moreover, even if considered a part of Plaintiff's employment status, Plaintiff submits that Plaintiff's employment status is protected by Exemption 6 of the Freedom of Information Act ("FOIA") and thereby protected under the Privacy Act. *See id.* at 9 (citing 5 C.F.R. § 293.311(b)(6); *Parker v. United States DOJ Exec. Office for United States Attys.*, 68 F. Supp. 3d 218, 231 (D.D.C. 2014); *Nat'l Right to Work Legal Def. & Educ. Found., Inc. v. United States DOL*, 828 F. Supp. 2d 183, 191 (D.D.C. 2011)). As such, Plaintiff contends that the disclosure of his administrative leave status violated the Privacy Act. *See id.*

Defendant replies that although Exemption 6 is protected under the Privacy Act, Plaintiff's status on administrative leave is not covered under Exemption 6 and, therefore, not protected under the Privacy Act. *See* ECF No. [34] at 2-4.

The Court agrees with Plaintiff. First, the Eleventh Circuit, in addressing a motion to dismiss, has held that in order to sufficiently allege a violation of the Privacy Act,

> [t]he plaintiff must demonstrate that: (1) the government failed to fulfill its record-keeping obligation; (2) the agency acted intentionally or willfully in failing to perform its obligation; (3) the failure proximately caused an adverse effect on an individual; and (4) that individual suffered actual damages.

*Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010).

A federal agency's record-keeping obligation, as set forth in the Privacy Act, is as follows:

> [n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . .

5 U.S.C. § 552a(b). The Privacy Act defines "record" as follows:

> any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph[.]

5 U.S.C. § 552a(a)(4). Further, Exemption 6 of FOIA, which both parties agree is covered by the Privacy Act under Eleventh Circuit precedent, states that "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" are not subject to public disclosure. 5 U.S.C. § 552(b)(6); *see also News-Press v. U.S. Dept. of Homeland Security*, 489 F.3d 1173, 1189 (11th Cir. 2007) (holding that Exemption 6 is protected by the Privacy Act); *Windsor*, 614 F. Supp. at 1261 (holding that the Privacy Act is "intended to protect only personal information, and not information which reveals nothing about a person's private affairs").

The issue raised is whether Plaintiff's allegation that Defendant disseminated Plaintiff's status on administrative leave constitutes an alleged failure to fulfill Defendant's record-keeping obligation as set forth by the Privacy Act and Exemption 6. A plain reading of the Privacy Act and Exemption 6 does not indicate whether one's status on administrative leave is protected from disclosure. Further, the cases Defendant cites in support all concern whether one's employment status or other unrelated personal information, not one's status on administrative leave, is covered under the Privacy Act. *See Stuart*, 2016 WL 6902347, at *9 (addressing "improper disclosures relating to [the plaintiff's] termination, or stated differently, [the plaintiff's] employment status"); *Tennessean Newspaper*, 403 F.Supp. at 1321 (addressing the disclosure of one's "employment

status"); *Tripp*, 193 F.Supp.2d at 236 (addressing the disclosure of "names, titles, salaries, and salary-levels of public employees"), *National Western Life Ins. Co.*, 512 F.Supp. at 461 (addressing the disclosure of names and duty stations), *Jafari*, 728 F.2d at 249 (addressing the disclosure of a reservist's duty status), *Windsor*, 614 F. Supp. 1255, 1259 n.5 (addressing the disclosure of an affidavit indicating the plaintiff's involvement in a proffer of a testimony). Defendant provides no legal basis to make the logical jump that one's status on administrative leave is equivalent to one's employment status. Instead, one of Defendant's cited cases, *Stuart*, indicates that employment status is whether an employee is still employed or has been terminated, not necessarily whether an employee is on administrative leave. *See* 2016 WL 6902347, at *9.

Drawing all plausible inferences in favor of Plaintiff, the Court determines that Plaintiff's status on administrative leave is not equivalent to Plaintiff's employment status because one's employment status only indicates whether one is employed by a government agency and reveals nothing about one's private affairs. *See id.* To the contrary, one's status on administrative leave is related to one's job performance, the disclosure of which would be an unwarranted invasion of personal privacy and would violate the Privacy Act. *See Windsor*, 614 F. Supp. at 1261.[2] Therefore, an allegation that Defendant disclosed Plaintiff's status as on administrative leave is effectively an allegation that Defendant violated the Privacy Act.[3]

---

[2] To the extent that Defendant cites 5 C.F.R. § 293.311(a) to argue that one's status on administrative leave is similar to the enumerated categories that are not protected under Exemption 6 because they are not personal information, the Court is not persuaded. One's status on administrative leave reflects one's poor job performance, which is personal and not equivalent to the categories that are not protected under Exemption 6 because they are not personal, such as one's name, position, salary rates, duty station, position descriptions, and performance standards. *See* 5 C.F.R. § 293.311(a). Notably, 5 C.F.R. § 293.311(a)(6) expressly allows the disclosure of performance standards used to evaluate one's job performance under limited circumstances, not the performance appraisals themselves.

[3] Even if the Court were to assume that one's employment status includes one's status on administrative leave, Plaintiff provides several cases that establish that one's employment status is covered by the Privacy Act. *See Parker*, 68 F. Supp. 3d at 231; *Nat'l Right to Work Legal Def.*, 828 F. Supp. 2d at 191. In *Parker*, the court stated that Exemption 6 "protects information related to a person's employment status and employment history." 68 F. Supp. 3d at 231. Further, the court in *Nat'l Right to Work Legal Def.* determined

The Privacy Act defines a record as any item of information about an individual maintained by an agency, including records regarding one's "employment history." 5 U.S.C. § 552a(a)(4). As such, it can reasonably be inferred that one's status on administrative leave, though not a part of one's employment status as discussed above, is a part of one's employment history. At least one court has similarly held that "common sense and experience in an office setting leads to the conclusion that the record [of the plaintiff's leave] was most likely either kept in a file with the plaintiff's name on it, or entered into her leave record, which also would have been accessible by her name or social security number. Accordingly, [], the information about plaintiff was a record contained in a system of records [protected by the Privacy Act]." *Koenig v. Navy*, No. 05-35, 2005 WL 3560626, at *4 (S.D. Tex. Dec. 29, 2005). Common sense dictates that Plaintiff's status on administrative leave was a part of Plaintiff's record on Plaintiff's employment history, which Defendant had an obligation to keep from public disclosure.[4]

## B.  Rule of Retrieval

Next, Defendant argues that even if Plaintiff's status on administrative leave is protected by the Privacy Act, Plaintiff's allegations do not satisfy the Rule of Retrieval. *See* ECF No. [24] at 12-14. According to Defendant, the Privacy Act "does not prohibit *all* nonconsensual disclosures of information found in an individual's records." *Mulhern v. Gates*, 525 F.Supp. 2d 174, 182 (D.D.C. 2007) (emphasis in original). Instead, liability for disclosures is limited by the Rule of Retrieval, which requires that the information disclosed be "directly or indirectly retrieved from a

---

that "[p]ersonal information protected by Exemption 6 includes, but is not limited to, a person's date of birth, marital status, or employment status." 828 F. Supp. 2d at 191. As such, to the extent that one's administrative leave status can be considered one's employment status, Plaintiff's administrative leave status appears to be protected under Exemption 6 and, by extension, the Privacy Act.

[4] Defendant mentions in two footnotes that Plaintiff himself revealed the fact that he was on administrative leave. *See* ECF Nos. [24] at 12 n.6, [34] at 4 n.2. The argument is unavailing for purposes of a motion to dismiss given that Plaintiff need not allege that he did not disclose the protected information. *See Speaker*, 623 F.3d at 1381.

system of records." *Fisher v. Nat'l Inst. of Health, et al.*, 934 F.Supp. 464, 473 (D.D.C. 1996), *aff'd without opinion*, 107 F.3d 922 (D.C. Cir. 1996). Disclosure of information derived from independent sources is not prohibited by the Privacy Act, even though identical information may be contained in an agency's system of records. *Id*. (quoting *Thomas v. United States Dep't of Energy*, 719 F.2d 342, 345 (10th Cir. 1983)). Defendant submits that the Amended Complaint does not allege that Eisemann, or anyone acting on behalf of the USDA, retrieved a record reflecting his status on administrative leave before disclosing it to Murphy and ADR. *See* ECF No. [24] at 13.

Plaintiff responds that *Bartel v. F.A.A.*, 725 F.2d 1403, 1409 (D.C. Cir. 1984), forecloses Defendant's reliance on the Rule of Retrieval. *See* ECF No. [32] at 15-16. In *Bartel*, the fact that the official who released the protected information did not read the protected information, and therefore did not technically retrieve the protected information from the records before disclosing it, did not save the defendant. *See id.* at 16. The official's release of protected information, though not strictly retrieved from the record, constituted a violation of the Privacy Act irrespective of the Rule of Retrieval. *See Bartel*, 725 F.2d at 1411.

Defendant replies that the court in *Bartel* was careful to limit its holding regarding the Rule of Retrieval to the "peculiar set of circumstances present [in *Bartel*]: disclosure by an agency official of his official determination made on the basis of an investigation which generated a protected personnel record." ECF No. [34] at 7 (quoting *Bartel*, 725 F.2d at 1409). To explain further, in *Bartel*, the plaintiff's supervisor disclosed protected information from an investigation that the plaintiff's supervisor himself had overseen. Because the plaintiff's supervisor had personal knowledge of the results of the investigation, the court held that strict application of the Rule of Retrieval was not warranted. The court determined that even though the plaintiff's supervisor did

not retrieve the information from the record and was presumably speaking from personal knowledge, the defendant could be found liable for violating the Privacy Act because the plaintiff's supervisor essentially created the protected information in the record. In contrast, Defendant argues the Amended Complaint does not allege that Eisemann, or whoever disseminated the protected information on behalf of the USDA, placed Plaintiff on administrative leave. *See* ECF No. [34] at 7-8. Therefore, Defendant argues that *Bartel*'s exception to the Rule of Retrieval is inapplicable. *See id.*

Both parties' arguments miss the mark. As noted above, the Privacy Act states that "[n]o agency shall disclose any record which is contained in a system of records." 5 U.S.C. § 552a(b). Further, the Eleventh Circuit, in addressing a motion to dismiss, has held that in order to sufficiently allege a violation of the Privacy Act,

> [t]he plaintiff must demonstrate that: (1) the government failed to fulfill its record-keeping obligation; (2) the agency acted intentionally or willfully in failing to perform its obligation; (3) the failure proximately caused an adverse effect on an individual; and (4) that individual suffered actual damages.

*Speaker*, 623 F.3d at 1381 (11th Cir. 2010). A plain reading of the elements for a violation of the Privacy Act, set forth by the statute, establishes that allegations regarding the Rule of Retrieval – namely, allegations that the defendant released the information after having physically retrieved it from the record – are not required to state a claim for relief. To allege a claim for a violation of the Privacy Act, a plaintiff need only allege that the protected information is contained, not physically retrieved, from the system of records. The Court is unaware of, and the parties fail to provide, any binding legal authority indicating that Plaintiff is obligated to allege that the protected information was physically retrieved from the record itself. Notably, almost all of the cases cited by the parties in support of their respective positions address the Rule of Retrieval in the context of a motion for summary judgment, an appeal of a final judgment, or a post-trial motion. *See Mulhern*, 2007 WL

4239911; *Fisher*, 934 F.Supp. 464; *Thomas*, 719 F.2d 342; *Bartel*, 725 F.2d 1403; *Jackson*, 503 F.Supp. 653; *Armstrong v. Geithner*, 608 F.3d 854, 861 (D.C. Cir. 2010); *Doe v. U.S. Dep't of Treasury*, 706 F. Supp. 2d 1, 8 (D.D.C. 2009); *Doe v. Dep't of Veterans Affs. of U.S.*, 519 F.3d 456, 462 (8th Cir. 2008); *Krowitz v. Dep't of Agric., U.S. Forest Serv.*, 641 F. Supp. 1536, 1543-44 n.6 (W.D. Mich. 1986).[5] While the argument may be proper at a later stage, Plaintiff is under no obligation to allege in his Amended Complaint a preemptive response to what is essentially a defense to liability.

### C. Damages

Defendant next argues that the Amended Complaint fails to state a claim for relief because Plaintiff has not alleged an actual pecuniary loss caused by the disclosure. *See* ECF No. [24] at 14-16. According to Defendant, a claim under the Privacy Act requires a plaintiff to plead actual damages – that is, a pecuniary loss – as opposed to "generalized mental injuries, loss of reputation, embarrassment or other non-quantifiable injuries." *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 872-73 (11th Cir. 2009) (internal quotation marks and citation omitted)); *see also F.A.A. v. Cooper*, 566 U.S. 284, 299 (2012) ("adopt[ing] an interpretation of 'actual damages' limited to proven pecuniary or economic harm" (alteration added)). Defendant submits that in the absence of an allegation of an actual pecuniary loss, Count I is subject to dismissal for failure to state a claim. *See* ECF No. [24] at 14-16. Defendant also argues that it has not waived sovereign immunity with

---

[5] One exception is *Finnerty v. U.S. Postal Serv.*, No. CIV. 03-558 (HAA), 2006 WL 54345, at *12 (D.N.J. Jan. 9, 2006), a nonbinding case cited by Defendant in its Reply. *See* ECF No. [34] at 6. In *Finnerty*, the court analyzed the Rule of Retrieval in addressing a motion to dismiss. *See* 2006 WL 54345, at *1. However, given the weight of authority against *Finnerty*, including the Eleventh Circuit's holding in *Speaker*, 623 F.3d at 1381 (11th Cir. 2010), which does not require allegations regarding the Rule of Retrieval, the Court declines to follow the analysis set forth in *Finnerty*. The other exception is *Krieger v. Fadely*, 199 F.R.D. 10, 13 (D.D.C. 2001), another nonbinding case cited by Defendant in its Reply. *See* ECF No. [34] at 6. In *Krieger*, however, the court was addressing a motion to compel. *See* 199 F.R.D. 10. Given the procedural posture before this Court, *Krieger* is also not instructive.

respect to Plaintiff's damages arising from emotional distress and reputational harm. *See Cooper*, 566 U.S. at 303.

Plaintiff responds that the Amended Complaint sufficiently alleges damage to his personal and professional reputation, mental anguish, and emotional distress, and that as a result, the Amended Complaint satisfies the "adverse" effect element of the Privacy Act. *See* ECF No. [32] at 16-18. The "adverse" effect element of the Privacy Act is "a term of art identifying a potential plaintiff who satisfies, and who may consequently bring a civil action without suffering dismissal for want of standing to sue." *Speaker*, 623 F.3d at 1382. Plaintiff also notes that similar to the plaintiff in *Speaker*, Plaintiff satisfactorily alleged that he suffered actual pecuniary losses because the unlawful disclosures had a negative impact on his livelihood and he incurred litigation expenses after being forced to defend false allegations made against him. *See* ECF No. [32] at 18.

The Court agrees with Defendant. The Eleventh Circuit has held that "'actual damages' as used in the Privacy Act permits recovery only for proven pecuniary losses and not for generalized mental injuries, loss of reputation, embarrassment or other non-quantifiable injuries." *Speaker*, 623 F.3d at 1383 (quoting *Fitzpatrick v. IRS*, 665 F.2d 327, 331 (11th Cir. 1982), *abrogated on other grounds by Doe v. Chao*, 540 U.S. 614, 616 (2004)); *see also Corbett v. Transportation Sec. Admin.*, 568 F. App'x 690, 702 (11th Cir. 2014) ("We need not evaluate whether Corbett stated a Privacy Act violation because he alleged no pecuniary loss or actual damages as a result of a Privacy Act violation."). Further, as Defendant correctly notes, "[t]he Privacy Act does not allow a claim for damages based on reputational or emotional harm, and does not authorize damages for mental or emotional distress[.]" *Richardson v. Board of Governors of Federal Reserve System*, 288 F.Supp. 3d 231, 237-38 (D.D.C. 2018) (quoting *Welborn v. IRS*, 218 F.Supp. 3d 64, 82 (D.D.C.

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

2016)). "As a result, Plaintiffs must specifically allege actual damages to survive a motion to dismiss for failure to state a claim." *Id.* (citation and internal quotation marks omitted).

Plaintiff only alleges that he "has suffered adverse and harmful effects, including, but not limited to, mental distress, emotional trauma, embarrassment, humiliation, and lost or jeopardized present or future financial opportunities." ECF No. [13] ¶ 56. Allegations of "mental distress, emotional trauma, embarrassment, [and] humiliation" are not a basis for a claim under the Privacy Act because they are not pecuniary losses. *See Speaker*, 623 F.3d at 1383. Further, Defendant correctly points out that sovereign immunity forecloses a claim for such harms. *See Cooper*, 566 U.S. at 303. Next, with regard to Plaintiff's allegation of "lost or jeopardized present or future financial opportunities," the Court determines that the allegation amounts to a "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Richardson*, 288 F. Supp. 3d at 237-38. The Amended Complaint fails to identify what present and future financial opportunities Plaintiff has lost as a result of the alleged disclosure of Plaintiff's administrative leave to Murphy and ADR. *See generally* ECF No. [13].

Further, Plaintiff's argument with regard to the "adverse" effect element is unavailing. The Court reiterates that to state a claim for relief under the Privacy Act,

> [t]he plaintiff must demonstrate that: (1) the government failed to fulfill its record-keeping obligation; (2) the agency acted intentionally or willfully in failing to perform its obligation; (3) the failure proximately caused an adverse effect on an individual; and (4) that individual suffered actual damages.

*Speaker*, 623 F.3d at 1381. Thus, any argument regarding an "adverse" effect only goes to the third element, which Defendant does not challenge. The fact that Plaintiff has satisfactorily alleged the third element does nothing to address Plaintiff's failure to allege the fourth element, which requires an allegation of actual damages. Moreover, whether Plaintiff incurred litigation expenses from having to defend the false allegations made against him was not alleged in the Amended

13

Complaint. Even if it were alleged, the allegation would have only satisfied the third element, not the fourth element. *See Speaker*, 623 F.3d at 1382-83 (holding that the costs of having to defend false allegations is pertinent to the third element). As such, Count I must be dismissed for failure to state a claim.

### D.  Claims against Unknown Employees

The Court next turns to Defendant's argument that only a federal agency can be a proper defendant for a Privacy Act claim, and that unknown employees of the USDA and DOJ should be dismissed from this case. *See* ECF No. [24] at 16-17. Defendant submits that Plaintiff's reliance on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is unavailing, and that *Bivens* does not provide a basis for Plaintiff's claim against unknown employees of the USDA and DOJ. *See id*. Plaintiff fails to respond to Defendant's argument on this matter. *See generally* ECF No. [32].

The Court agrees with Defendant. Plaintiff alleges a single count against unknown employees of the USDA and DOJ – namely, a violation of the Privacy Act in Count I. *See* ECF No. [13] ¶¶ 50-56. As Defendant correctly states, "the law is clear that only federal agencies, not individuals, are the proper defendants for a Privacy Act cause of action." *Dick v. Holder*, 67 F.Supp. 3d 167, 176 (D.D.C. 2014) (citing 5 U.S.C. § 552a(g)(1)). *See* ECF No. [24] at 16-17. Further, *Bivens*, 403 U.S. 388, allows a remedy for violations of a plaintiff's constitutional rights, but Plaintiff does not allege a violation of his constitutional right in this case. As such, *Bivens* is inapposite, and dismissal of the claim against unknown employees of the USDA and DOJ is appropriate.

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

**E. Dismissal With Prejudice**

As a final matter, Defendant requests that Count I be dismissed with prejudice, *see* ECF No. [34] at 10, and Plaintiff requests leave to amend his pleading, *see* ECF No. [32] at 19. Considering the parties' arguments, a second opportunity to amend the Complaint would not be futile given that Plaintiff can conceivably allege actual damages and remove allegations of "mental distress, emotional trauma, embarrassment, [and] humiliation." ECF No. [13] ¶ 56. As such, the Court determines that Plaintiff should be granted one more opportunity to amend his pleadings.

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [24]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's claim against USDA in Count I is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

3. Plaintiff's claim against unknown employees of the USDA and DOJ is **DISMISSED WITH PREJUDICE**.

4. If Plaintiff can, in good faith, allege actual damages in accordance with the Court's Order, Plaintiff shall file his Second Amended Complaint by no later than **July 1, 2022**.

5. Defendant's Motion to Stay, **ECF No. [25]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 21, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

Copies to:

Counsel of Record

Joey D Gonzalez Ramos
Joey Gonzalez, Attorney, P.A.
P. O. Box 145073
Coral Gables, FL 33114
United States
3057203114
Fax: 3056768998
Email: joey@joeygonzalezlaw.com

16