UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-20312-BLOOM/Otazo-Reyes**

JOEY D. GONZALEZ RAMOS,

 Plaintiff,

v.

U.S. DEPARTMENT OF AGRICULTURE,
and UNKNOWN EMPLOYEES OF THE
U.S. DEPARTMENT OF AGRICULTURE AND
THE DEPARTMENT OF JUSTICE,

 Defendants.
_____/

## ORDER ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Appeal of Magistrate Judge's Order, ECF No. [50] ("Objections"). Defendant did not file a Response. The Court has carefully reviewed the Magistrate Judge's Order, ECF No. [49] ("Order"), the Objections, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Objections are sustained.

**I. BACKGROUND**

Plaintiff Joey D. Gonzalez Ramos is a former federal employee of the Defendant United States Department of Agriculture ("USDA"). He filed a Complaint against the USDA, unknown employees of the USDA, and the United States Department of Justice ("DOJ"). *See* ECF No. [1], and thereafter filed the operative Amended Complaint. *See* ECF No. [13] ("Amended Complaint"), asserting claims for unlawful dissemination of information protected by the Privacy Act, in violation of 5 U.S.C. § 552a(b), and those arising under the Freedom of Information Act ("FOIA"). Plaintiff contends that information from his USDA personnel file was shared with others, in

violation of the Privacy Act of 1974. Specifically, Plaintiff asserts that information from his USDA personnel file was shared with non-party John Murphy ("Murphy") by USDA and DOJ lawyers when Murphy represented ADR Vantage, Inc. in a separate lawsuit brought against it by Plaintiff in the District of Columbia.

Plaintiff sought to depose non-party Murphy and sent a subpoena to Murphy requesting a remote deposition. ECF No. [50-5]. Murphy emailed Plaintiff on June 14, 2022, seeking to reschedule the deposition, clarify whether the instant case was in a discovery posture, request an attendance fee, obtain any documentation Plaintiff intended to use at a deposition, a written agreement that the deposition testimony would not be used in related cases both currently on appeal in the District of Columbia[1], and a written agreement that Plaintiff would purchase and provide Murphy with a copy of the transcript. *Id*. at 3. After additional emails from Plaintiff to Murphy, on July 18, 2022, Murphy filed his Motion for a Protective Order, seeking to preclude Plaintiff from proceeding with Murphy's deposition ("Motion"). ECF No. [43]. Magistrate Judge Otazo-Reyes conducted a hearing ("Hearing") on the Motion on August 4, 2022, ECF No. [46], and thereafter issued two Orders. The first Order on August 4, 2022 required that Plaintiff serve on Murphy five written deposition questions. ECF No. [47]. On August 21, 2022, Plaintiff filed Notice of Filing Murphy's Responses to Plaintiff's Interrogatories ("Notice"). ECF No. [48]. In Plaintiff's Notice, Plaintiff asserted that the objections and claims of privilege in Murphy's responses emphasized the need for Murphy's deposition. *Id*. Thereafter, Judge Otazo-Reyes entered a Supplemental Order ("Supplemental Order") granting Murphy's Motion for a Protective Order. ECF No. [49]. Plaintiff filed this Appeal of Magistrate Judge's Supplemental Order ("Objections"). ECF No. [50].

---

[1] *Gonzalez Ramos v. ADR Vantage, Inc.,* No. 18-cv-1690 (APM); *Gonzalez Ramos v. ADR Vantage, Inc. et al.,* No. 21-cv-00592 (APM)

## II.  LEGAL STANDARD

Pursuant to this District's Local Magistrate Judge Rules, a district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). A finding is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-civ, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "'In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge.'" *Wausau Underwriters Ins. Co.*, 310 F.R.D. at 690 (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

The "'clearly erroneous' review is very different from the *de novo* review and adoption of a Report and Recommendation on a dispositive Order, and more closely resembles an appellate function." *Combs v. Town of Davie*, No. 06-60946-CIV-COHN/SNOW, 2007 WL 676102, at *2 (S.D. Fla. Feb. 28, 2007). A magistrate judge is afforded broad discretion as to discovery matters, and reversal of a magistrate's discovery-related order is appropriate only where that discretion is abused. *See Ellis v. United States*, No. 3:15-cv-1078-J-34JBT, 2016 WL 1658706, at *2 n.3 (M.D. Fla. Apr. 27, 2016) (citing *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."). "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible

views on the issue." *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2007 WL 4592267, at *1 (S.D. Fla. Dec. 28, 2007); *see Batista v. Nissan N. Am., Inc.*, No. 14-24728-Civ-Scola, 2015 WL 10550409, at *1 (S.D. Fla. Dec. 8, 2015) ("The district court may not undo the magistrate judge's determination simply because it is convinced that it would have decided the case differently" (internal quotations omitted)). "This standard has been described as a very difficult one to meet." *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357, 2012 WL 4192987, at *2 (S.D. Fla. 2012) (internal quotations omitted).

"A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis*, 2016 WL 1658706, at *1 (quotations omitted). In the Eleventh Circuit, "the 'contrary to law' standard [is] more deferential than *de novo* review." *Id.* at *1 n.3 (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981)[2] ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a *de novo* determination as are a magistrate's proposed findings and recommendations."); *see also Scuotto v. Lakeland Tours, LLC*, No. 3:13-cv-1393-J-34JRK, 2015 WL 1418718, at *1 n.4 (M.D. Fla. Mar. 27, 2015). However, "'application of an improper legal standard . . . is never within a court's discretion.'" *Dulaney v. Miami-Dade Cnty.*, No. 09-23259-CIV, 2011 WL 382773, at *1 (S.D. Fla. Feb. 2, 2011) (quoting *Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002)). Through this lens, the Court reviews Plaintiffs' Objection.

### III. DISCUSSION

Plaintiff argues that he should not be prevented from deposing Murphy. In his Objections,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

4

Plaintiff contends that Judge Otazo-Reyes (1) improperly precluded Murphy's deposition; (2) failed to address Plaintiff's objections to Murphy's responses to the written interrogatories; and (3) improperly relied on attorney client privilege where Murphy asserted the work product privilege rather than the attorney client privilege and had waived any privilege. Upon review, the Court finds that Plaintiff made the necessary showing to justify sustaining his Objections to Judge Otazo-Reyes's Supplemental Order.

### A. Preclusion of Deposition

Plaintiff objects to the Supplemental Order, arguing that the deposition of Murphy is necessary and proper since Murphy is not the attorney for either party in this litigation, the information sought is non-privileged and relevant, and there is no other means of obtaining the information. The Hearing addressed Murphy's request for a protective order and Plaintiff's arguments about the necessity of the deposition. Murphy testified that Judge Mehta, United States District Judge for the District of Columbia, ruled on a similar discovery dispute in which Plaintiff sought to depose Murphy in a case[3] Plaintiff filed against a defendant whom Murphy represented. ECF No. [61] at 7:24-8:5. In that ruling, Judge Mehta precluded Plaintiff from any discovery regarding the conversation between Murphy and the employees at the Department of Justice. *Id*. at 8:5-7, *see also* ECF No. [43-1] at 35. In her determination, Judge Otazo-Reyes noted that *res judicata* and collateral estoppel did not apply even though Plaintiff now seeks to depose Murphy about the same conversation because, in the case before Judge Mehta, Murphy was counsel to a party and here, he is a third party. ECF No. [61] at 16:2-8.

Plaintiff argues that since Murphy is not litigation counsel, the considerations weighing against attorney depositions are mitigated. *See* ECF No. [50] at 6 (citing G*amache v. Hogue*, No.

---

[3] That case is now pending in the District of Columbia on Plaintiff's appeal of summary judgment against him.

1:19-CV-21 (LAG), 2022 WL 989483, at *3 (M.D. Ga. Mar. 30, 2022)). Plaintiff then asserts that even if the Court chose to apply the most rigorous standard for deposing a party's attorney, the deposition still should not be precluded. *Id.* at 7. The Court agrees.

The Eleventh Circuit has upheld a district court's decision to allow plaintiffs to depose the defendants' attorneys only by written questions where the court was convinced that depositions "in the absence of firm control by the court, will almost certainly be attended by continuing disputes and may require that they be supervised by a judicial officer." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1423 (11th Cir. 1994), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994). This case is distinguishable from *Cox* because there the Plaintiff sought to depose the defendants' attorneys and here Plaintiff seeks to depose a third party, Murphy. The Court also notes that Murphy has not asserted the attorney client privilege whereas in *Cox*, the Court found that plaintiffs were attempting "to breach the defendants' attorney-client privilege." *Id*. Furthermore, the Court determines, for reasons explained below, that the deposition questions Murphy responded to in accordance with Judge Otazo-Reyes's order were not sufficient for the needs of this case.[4]

The Eleventh Circuit in *Cox* did not articulate a test for taking the deposition of attorneys and Plaintiff points out that the Eleventh Circuit has not articulated a standard, nor adopted either the *Shelton* test or the Second Circuit's flexible approach to determine whether a protective order is appropriate where a party seeks to depose an attorney. ECF No. [50] at 5 (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)[5]). Several cases from the Southern District of Florida

---

[4] The Court notes that in accordance with *Cox*, Judge Otazo-Reyes properly exercised her discretion to determine if another viable means existed to obtain the relevant information. *See Cox*, 17 F.3d at 1423.

[5] The standard set forth in Shelton requires the party moving for the deposition to show that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (internal citations omitted). The Court notes that even applying the rigorous *Shelton* test Plaintiff has met his burden of demonstrating the necessity of Murphy's deposition.

have set forth the standard that where a party seeks to depose an opposing party's counsel, "[t]he party seeking the deposition must show the propriety and need for the deposition by demonstrating that the deposition is the only practical means of obtaining the information and that other methods of discovery, such as written interrogatories, cannot be employed." *Klayman v. Freedom's Watch, Inc.*, No. 07-22433-CIV, 2007 WL 4414803, at *4 (S.D. Fla. Dec. 14, 2007); *see also Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 528 (S.D. Fla. 2015) ("[A] party seeking an attorney's deposition must demonstrate that the deposition is the only practical means available of obtaining the information. Moreover, the party seeking the deposition of an attorney has the burden to show that the information sought 1) is relevant; 2) its need outweighs the dangers of depositing a party's attorney; and 3) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege." (internal quotation marks and citations omitted)); *W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301 (S.D. Fla. 1990).

The Court finds that the Supplemental Order is not supported by the record in this case. Murphy is not counsel of record. Moreover, Plaintiff has demonstrated that even using the test for deposing counsel of record, there is a need for the deposition, and it is the only practical means of obtaining the relevant information. Judge Otazo-Reyes ruled at the hearing that the deposition would be relevant to the extent Plaintiff sought to ask Murphy about any disclosure made to him that the Plaintiff was on administrative leave at the relevant time. ECF No. [61] at 18:7-10. The Court agrees and finds that the deposition would be relevant to the limited extent identified by Judge Otazo-Reyes. The Court also agrees with Plaintiff that the information sought is necessary to the preparation of the case if Plaintiff's confidential information was disclosed to Murphy. *See* ECF No. [50] at 15-16. In the operative Second Amended Complaint ("Complaint"), Plaintiff

7

alleges that the basis for Plaintiff's claim under The Privacy Act is that his confidential personnel information was disclosed by USDA lawyer Vanessa Eisemann ("Eisemann") and/or DOJ lawyer John C. Truong, ("Truong") to Murphy. ECF No. [41] at 3-5. Judge Otazo-Reyes ordered that Plaintiff submit to Murphy five written deposition questions, ECF Nos. [61] at 21:13-15, [47], and after consideration of the deposition questions and responses provided, issued the protective order in favor of Murphy. *See* ECF Nos. [48], [49]. Judge Otazo-Reyes determined that the five deposition questions and their responses were sufficient for the needs of this case. *See* ECF No. [49]. The Court disagrees. Given the responses, the written deposition questions were insufficient and Plaintiff has demonstrated that Murphy's deposition is the only means of obtaining the relevant information.

In an analogous case, a court in this district determined that it was error to preclude the deposition of an attorney who was not the attorney of record for either party but prepared one of the documents that formed the basis for the dispute between the parties. *Gratchev v. Gratchev*, No. 20-60022-CIV, 2021 WL 8825350, at *2-3 (S.D. Fla. Nov. 30, 2021). That court held that the magistrate judge's decision to preclude the deposition of that attorney was not supported by law because the deposition "seems to be necessary given the lack of memory testified to by the Defendant in his deposition. To the extent that [the attorney] has non-privileged information about the parties' course of dealing and relationship, her testimony is necessary and the information sought seems not to be discoverable any other way." *Id*. at *2-3.

Here, Plaintiff argues that "Murphy's written responses to Plaintiff's interrogatories are a continuation of his attempts to avoid responding truthfully and without reservation about how he learned of [Plaintiff's] status on administrative leave." ECF No. [50] at 7. Plaintiff argues that when he deposed Truong, Truong claimed to have no recollection of the discussion with Murphy.

8

*Id*. at 15 Through interrogatories, Eisemann also claimed that she does not remember disclosing Plaintiff's confidential information to Murphy. *Id*. It is clear from his answers to the five deposition questions that Murphy at least remembers having the conversation while Eisemann and Truong claim not to. Therefore, just as in *Gratchev*, the only way for Plaintiff to obtain adequate information relevant and crucial to this case is to depose Murphy.

Plaintiff has demonstrated the propriety and need for Murphy's deposition and that it is the only practical means of obtaining the information about the conversation in which his confidential information was allegedly disclosed.

### B. Objections to Interrogatories

Next, Plaintiff objects to the Supplemental Order on the basis that Judge Otazo-Reyes did not address the specific objections to each of Murphy's responses to the interrogatories. ECF No. [50] at 7-10. The Court examined the questions posed and responses provided to the five interrogatory questions. ECF No. [48-1]. The Court notes that Murphy objected to three of the five interrogatories on the grounds that they were outside of the relevant scope and sought to discover privileged information and then proceeded to answer each question. *See* ECF No. [48-1] at 2-4.

In the First interrogatory, Plaintiff requested that Murphy specify the date and time, duration, location, means, subject, and witnesses related to the relevant "discussion." *Id*. at 1. Murphy responded with the date, said the time was various points throughout the day, that Eisemann, Truong, Plaintiff and Murphy, and one or more deponents were present. *Id*. at 2. Murphy provided the general vicinity in which the discussion occurred and indicated that he did not recall the discussion verbatim but that "it came up in conversation that after the Merit Protection Board ("MPB") ruled in Plaintiff's favor, he never supplemented his discovery responses to retract his claim for lost wages/benefits as damages" in the litigation for which

9

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

Murphy was Counsel. *Id*. Murphy also indicated that he did not recall anyone else present at the time of the discussion and believes that the discussion lasted one to two minutes. *Id.*

In response to the second interrogatory question which asked what documentation Murphy expected to receive from Eisemann and Truong, Murphy stated that he did not have any expectation and did not know what existed or what could be produced. *Id.*

In response to the third interrogatory which asked how Murphy knew the USDA had paid Plaintiff his back leave and/or placed him on administrative leave before March 2, 2020, Murphy said

> I was never provided documents regarding Plaintiff's back pay or administrative leave. Prior to March 2, 2020, I read the MPB decision ordering the USDA to retroactively reinstate Plaintiff's employment with back pay. I made the assumption the Untied States government complied with the MPB's Order. It was further my assumption that Plaintiff was placed on some form of administrative leave since, by then, Plaintiff was a licensed attorney with an active law practice. These were, however, just assumptions on my part at that time I was piecing the information together. To the best of my recollection, the March 2, 2020 conversation referenced above was me inquiring about possible documentation that might be available to confirm my assumption.

*Id.* at 2-3.

The fourth interrogatory asked Murphy to explain the basis for his logical assumption and/or educated assumption. *Id*. at 3. Murphy responded, "See Answer No.3." *Id*.

Finally, the fifth interrogatory requested that Murphy describe his FOIA request, information obtained through FOIA or written discovery, the employees or persons that provided the materials and the date and time materials were received. *Id.* Murphy replied that on July 10, 2019, he electronically sent a records deposition notice to Truong on behalf of the USDA, with a copy to Plaintiff, for Plaintiff's employment records. *Id*. at 4. Murphy further answered that On July 21, 2019, Plaintiff e-mailed Truong stating his objection and that to the best of his recollection, the USDA never produced Plaintiff's employment records. *Id.* Murphy said that it

10

became a moot point when Plaintiff later admitted what I had assumed for some time – that the USDA placed him on administrative leave and he was collecting a salary and benefits from the government while pursuing numerous lawsuits for monetary damages and actively practicing law.

*Id*.

Plaintiff objects to the adequacy of the written deposition question responses. ECF No. [50] at 7-11. Plaintiff contends that Murphy's responses are evasive and a continuation of his attempts to avoid responding truthfully and without reservations. *Id*. at 7. Murphy also reasserts the same objections he raised in the Notice. *See* ECF No. [48]. The Court notes that Judge Otazo-Reyes did not specifically rule on those objections before issuing the Supplemental Order in which she found the responses provided were sufficient for the needs of the case. *See* ECF No. [49]. Finally, Murphy argues that Murphy's "responses, rather than providing definitive answers, raised more questions about [Murphy's] involvement in the disclosure of [Plaintiff's] information by the USDA" demonstrating that a deposition is the only effective way for Plaintiff to obtain testimony that would allow him to prove his case against the USDA. ECF No. [50] at 11-12. The Court agrees, it does not find the responses sufficient, and determines that Plaintiff is entitled to depose Murphy.

**C. Claims of Privilege**

Plaintiff also argues that the Supplemental Order incorrectly relied on the attorney client privilege. ECF No. [50] at 5. Plaintiff then argues that any privilege Murphy might assert has been waived. *Id*. at 13-15. In the Supplemental Order, Judge Otazo-Reyes said,

> Upon review of Mr. Murphy's answers, the undersigned finds that Mr. Murphy has not waived the attorney client privilege as to matters not set forth in his answers and further finds the answers to be sufficient for the needs of the case.

ECF No. [49]. The Supplemental Order provides no reasoning with regard to Judge Otazo-Reyes's assertion that Murphy had not waived any claim of attorney client privilege. Murphy did

11

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

not assert the attorney client privilege, nor did he represent Eisemann or Truong and so any conversation that he had with them would not be subject to the attorney client privilege. The Court acknowledges that Murphy remains counsel on the related Washington DC cases and that a claim of work product privilege may be implicated, but there has not been a sufficient showing at this point to preclude his deposition on that basis. The Court disagrees that Murphy's answers were sufficient and does not make any finding with regard to any claimed privileges.

For these reasons, the Court concludes that the Magistrate Judge's Supplemental Order must be reversed, and the deposition of Murphy is permitted. The Court will, however, impose conditions for the deposition of Murphy as set forth below.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections, **ECF No. [50]**, are **SUSTAINED**.
2. The Supplemental Order, **ECF No. [49]**, is **REVERSED**.
3. The deposition of Murphy will proceed upon the following conditions:
    a. The deposition will be limited to one hour.
    b. The deposition will be limited in scope to inquiry about any information disclosed to Murphy about Plaintiff's status on administrative leave and the circumstances of that disclosure.
    c. The deposition will take place on or before **November 28, 2022, via zoom**.
    d. Plaintiff shall compensate Murphy at his normal hourly rate no later than two days prior to the scheduled deposition. Delivery of a check shall satisfy this condition.

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 27, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record