UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-20312-BLOOM/Otazo-Reyes**

JOEY D. GONZALEZ RAMOS,

    Plaintiff,

v.

U.S. DEPARTMENT OF AGRICULTURE,
and UNKNOWN EMPLOYEES OF THE
U.S. DEPARTMENT OF AGRICULTURE AND
THE DEPARTMENT OF JUSTICE,

    Defendants.

_____/

**ORDER ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Appeal of Magistrate Judge Otazo-Reyes's Order, ECF No. [63] ("Objections"). Defendant did not file a Response. The Court has carefully reviewed the Magistrate Judge's Order, ECF No. [57] ("Order"), the Objections, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Objections are sustained.

**I.  BACKGROUND**

Plaintiff Joey D. Gonzalez Ramos is a former federal employee of the Defendant United States Department of Agriculture ("USDA"). He filed a Complaint against the USDA, unknown employees of the USDA, and the United States Department of Justice ("DOJ"). *See* ECF No. [1], and thereafter filed the operative Amended Complaint. *See* ECF No. [13] ("Amended Complaint"), asserting claims for unlawful dissemination of information protected by the Privacy Act, in violation of 5 U.S.C. § 552a(b), and those arising under the Freedom of Information Act ("FOIA"). Plaintiff contends that information from his USDA personnel file was shared with others, in

violation of the Privacy Act of 1974. Specifically, Plaintiff asserts that information from his USDA personnel file was shared with non-party John Murphy ("Murphy") by USDA and DOJ lawyers when Murphy represented ADR Vantage, Inc. in a separate lawsuit brought against it by Plaintiff in the District of Columbia. Plaintiff contends the disclosure was made on March 2, 2020, the same day that Plaintiff deposed Dianne Lipsey ("Lipsey"), ADR Vantage's president and corporate representative, in connection with the ADR Vantage litigation.

Plaintiff sought to depose non-party Lipsey and sent a subpoena requesting that she appear for a deposition in this case on September 27, 2022. ECF No. [63] at 2. After serving Lipsey, Plaintiff received multiple emails from Murphy in which Murphy attempted to interfere with the deposition of Lipsey. *Id.* On September 15, 2022, Lipsey moved this Court for a protective order ("Motion"), ECF No. [51], and Plaintiff filed a Response ("Response") in opposition to the Motion, ECF No. [56]. Magistrate Judge Otazo-Reyes conducted a hearing ("Hearing") on the Motion on September 26, 2022, in which she granted the Motion. ECF No. [58]. The same day Judge Otazo-Reyes issued a written order granting the Motion ("Order"). ECF No. [57]. In the Order, Judge Otazo-Reyes found that "Plaintiff is not entitled to depose Ms. Lipsey in this litigation in her individual capacity regarding matters related to Ms. Lipsey's appearance for deposition in the related litigation as the corporate representative of a party." *Id*. Plaintiff thereafter filed his Objections. ECF No. [63].

II.     **LEGAL STANDARD**

Pursuant to this District's Local Magistrate Judge Rules, a district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau*

*Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). A finding is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-civ, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "'In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge.'" *Wausau Underwriters Ins. Co.*, 310 F.R.D. at 690 (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

The "'clearly erroneous' review is very different from the *de novo* review and adoption of a Report and Recommendation on a dispositive Order, and more closely resembles an appellate function." *Combs v. Town of Davie*, No. 06-60946-CIV-COHN/SNOW, 2007 WL 676102, at *2 (S.D. Fla. Feb. 28, 2007). A magistrate judge is afforded broad discretion as to discovery matters, and reversal of a magistrate's discovery-related order is appropriate only where that discretion is abused. *See Ellis v. United States*, No. 3:15-cv-1078-J-34JBT, 2016 WL 1658706, at *2 n.3 (M.D. Fla. Apr. 27, 2016) (citing *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."). "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views on the issue." *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2007 WL 4592267, at *1 (S.D. Fla. Dec. 28, 2007); *see Batista v. Nissan N. Am., Inc.*, No. 14-24728-Civ-Scola, 2015 WL 10550409, at *1 (S.D. Fla. Dec. 8, 2015) ("The district court may not undo the magistrate judge's determination simply because it is convinced that it would have decided the case differently" (internal quotations omitted)). "This standard has been described as a very difficult

one to meet." *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357, 2012 WL 4192987, at *2 (S.D. Fla. 2012) (internal quotations omitted).

"A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis*, 2016 WL 1658706, at *1 (quotations omitted). In the Eleventh Circuit, "the 'contrary to law' standard [is] more deferential than *de novo* review." *Id.* at *1 n.3 (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981)[1] ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a *de novo* determination as are a magistrate's proposed findings and recommendations."); *see also Scuotto v. Lakeland Tours, LLC*, No. 3:13-cv-1393-J-34JRK, 2015 WL 1418718, at *1 n.4 (M.D. Fla. Mar. 27, 2015). However, "'application of an improper legal standard . . . is never within a court's discretion.'" *Dulaney v. Miami-Dade Cnty.*, No. 09-23259-CIV, 2011 WL 382773, at *1 (S.D. Fla. Feb. 2, 2011) (quoting *Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002)). Through this lens, the Court reviews Plaintiffs' Objection.

## III. DISCUSSION

Plaintiff argues that he should not be prevented from deposing Lipsey. In his Objections, Plaintiff contends that the Order should be reversed because: (1) there was not good cause to preclude the deposition of Lipsey under Fed. R. Civ. P. 26(c); (2) the Eleventh Circuit does not recognize a "corporate representative privilege"; and (3) the Order is premised on the improper testimony or legal representation of Murphy, another third party witness. *See generally* ECF No. [63]. Upon review, the Court finds that Plaintiff has made the necessary showing to justify

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

sustaining his Objections to the Order.

### A. Rule 26(c)

Plaintiff objects to the Order, arguing that Lipsey's deposition should not be precluded because it does not meet any of the requisites of Rule 26(c). ECF No. [63] at 4. Plaintiff argues that Lipsey's deposition is relevant to discover any conversation Lipsey had with DOJ lawyers John C. Truong ("Truong") or Vanessa Eisemann ("Eisemann"), and to discover what Lipsey observed during Murphy's discussion with Eisemann. *Id.* Plaintiff contends that because Lipsey did not provide a specific demonstration of facts that support her request for a protective order, the Order granting Lipsey a protective order was issued in error. *Id*.

Rule 26(c) of the Federal Rules of Civil Procedure protects those deposed from "annoyance, embarrassment, oppression, or undue burden or expense," but not from mere inconvenience. Fed. R. Civ. P. 26(c). The party making the motion must show that "good cause" exists for the protective order. *See id*. In addition to good cause, the court must also satisfy itself that, on balance, the interests of those seeking the protective order outweigh the interests of the opposing party. *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989). The interests involved are confidentiality versus access to information. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2003). Protective orders prohibiting depositions, however, are rarely granted. *See Baratta v. Homeland Housewares*, LLC, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.")).

Plaintiff argues that Lipsey has not met her burden of demonstrating that a protective order is necessary because there is nothing in the record to explain "how by attending her deposition

Lipsey would be annoyed, embarrassed, oppressed or unduly burdened." ECF No. [63] at 4. In support of his position, Plaintiff cites two cases from this district where the Court has held that the moving party must make a specific demonstration of facts in support of a protective order. *See Wolf v. Coll. of Holy Cross*, 20-14244-CIV, 2020 WL 8258338, at *2 (S.D. Fla. Dec. 31, 2020), *report and recommendation adopted*, 20-14244-CV, 2021 WL 230024 (S.D. Fla. Jan. 22, 2021) ("The burden of showing good cause to prevent a witness from being deposed entirely is particularly onerous; the moving party must demonstrate extraordinary circumstances before a court will do so."); *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 636-37 (S.D. Fla. 2005) ("The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one.").

In her Motion, Lipsey articulates that she was "not involved in any discussions regarding Plaintiff with DOJ attorneys" and has "no information that [she] can add to his current lawsuit against the USDA." ECF No. [51]. Lipsey also represents that any conversations she had with counsel are privileged and, given the active appeals of lawsuits against her company by Plaintiff in the Court of Appeals for the District of Columbia, she does "not feel comfortable appearing for deposition without counsel present and that the attorney most familiar with th[e] matter – Mr. Murphy – is not licensed in Florida." *Id*. At the hearing, Murphy testified that Lipsey was not present for any conversations that he had with the DOJ attorneys. ECF No. [62] at 8:6-15.

After a thorough review of the record, the Court finds that Lipsey has not met her burden of demonstrating good cause sufficient to preclude her deposition. The Court notes that Judge Otazo-Reyes granted the protective order on other grounds, specifically, that "Plaintiff is not entitled to depose Ms. Lipsey in this litigation in her individual capacity regarding matters related

to Ms. Lipsey's appearance for deposition in the related litigation as the corporate representative of a party." ECF No. [57]. Accordingly, the Court proceeds to address Plaintiff's second Objection.

**B. "Corporate Representative Privilege"**

Plaintiff next objects to the Orde,r arguing that it is seemingly premised on a nonexistent privilege. ECF No. [63] at 5. Plaintiff clarifies that he is not seeking to depose Lipsey about any matter related to her role as corporate representative of ADR Vantage and seeks only testimony related to her conversations with Truong and Eisemann and regarding her observations of Murphy's conversations with Truong and Eisemann. *Id*. Plaintiff articulates that he searched for any case that articulates a privilege that would preclude the deposition of a party in her individual capacity about the surrounding circumstances of a deposition in which she appeared as a corporate representative but found none. *Id*. The Court conducted the same search and reached the same conclusion; there is no such privilege recognized by the Eleventh Circuit.[2] As such, the Court determines that the Order is contrary to law and must be reversed.

Having determined that the Magistrate Judge's Order must be reversed, and the deposition of Lipsey is permitted, the Court declines to address Plaintiff's argument that the Order is premised on improper testimony or legal representation.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections, **ECF No. [63]**, are **SUSTAINED**.
2. The Order, **ECF No. [57]**, is **REVERSED**.
3. The deposition of Lipsey is permitted.

---

[2] The Court notes that in the criminal context, corporate representatives cannot be compelled to authenticate and testify about documents where such authentication and testimony will be used against them in their personal capacities in subsequent criminal proceedings. *See In re Grand Jury 83-8 (MIA) Subpoena Duces Tecum*, 611 F. Supp. 16, 25 (S.D. Fla. 1985); *First Tennessee Bank Nat'l Ass'n v. Serv. Foods Inc.*, 1:15-CV-2940-CAP, 2016 WL 11440135, at *11-*12 (N.D. Ga. Nov. 11, 2016), *report and recommendation adopted*, 1:15-CV-2940-CAP, 2017 WL 9963555 (N.D. Ga. Jan. 10, 2017). That, of course, is not applicable in this civil action where the information Plaintiff seeks from Lipsey would not implicate her personal liability for any crime.

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 1, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record