UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

JOEY D GONZALEZ RAMOS,

    Plaintiff,

v.

U.S. DEPARTMENT OF AGRICULTURE,
and UNKNOWN EMPLOYEES OF THE
U.S. DEPARTMENT OF AGRICULTURE AND
THE DEPARTMENT OF JUSTICE,

    Defendants.
_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant United States Department of Agriculture's ("Defendant" or "USDA") Motion for Summary Judgment, ECF No. [70] ("Motion"). *Pro se* Plaintiff Joey D. Gonzalez Ramos ("Plaintiff") filed a Response in Opposition, ECF No. [75] ("Response"), to which Defendant filed a Reply, ECF No. [79] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

I.     **BACKGROUND**

On January 29, 2022, Plaintiff, who is a former federal employee of the USDA, filed his Complaint against the USDA and unknown employees of the USDA and the United States Department of Justice ("DOJ"). ECF No. [1]. Plaintiff thereafter filed an Amended Complaint on March 4, 2022. ECF No. [13]. Defendant filed a Motion to Dismiss the Amended Complaint, ECF No. [24], which the Court granted in part and denied in part. ECF No. [40]. Count I was dismissed

without prejudice and with leave to amend. Plaintiff's claim against unknown employees of the USDA and the DOJ were dismissed with prejudice. *Id*.

On July 1, 2022, Plaintiff filed his Second Amended Complaint against Defendant USDA. ECF No. [41], alleging that Defendant unlawfully disseminated information protected by the Privacy Act in violation of 5 U.S.C. § 552a(b) (Count I), the USDA failed to timely notify him as to whether it would comply with a Freedom of Information Act ("FOIA") request in violation of 5 U.S.C. § 552(a)(6)(A)(i) (Count II), the USDA failed to disclose responsive documents in violation of 5 U.S.C. § 552(b) (Count III), the USDA failed to segregate responsive documents in violation of 5 U.S.C. § 552(b) (Count IV), the USDA failed to disclose names of persons responsible for denial of records in violation of 5 U.S.C. § 552(a)(6)(C)(i) (Count V), and the USDA failed to timely respond to Plaintiff's appeal in violation of 5 U.S.C. § 552(a)(6)(A)(ii) (Count VI).

Defendant now moves for summary judgment on all counts. *See* ECF No. [70]. Defendant argues summary judgment is proper as to Count I because there is no genuine issue as to whether the USDA's representatives retrieved information regarding Plaintiff's leave status from a system of records protected by the Privacy Act or that any person representing the USDA disclosed Plaintiff's leave status. Defendant also seeks summary judgment on Counts II through VI and contends that it satisfied its obligation under FOIA by conducting an adequate search for responsive records and providing the non-exempt responsive records to Plaintiff.

Plaintiff responds that the Court has already ruled that information related to his status on administrative leave came from Defendant's system of records and that an issue of material fact exists over whether USDA employee Vanessa Eisemann ("Eisemann") or DOJ employee John Truong ("Truong") disclosed information protected by the Privacy Act. Plaintiff asserts that

summary judgment is not appropriate on his FOIA claims because Defendant failed to comply with FOIA's requirements and failed to provide a *Vaughn* Index[1] or an explanation for its failure to disclose responsive documents unredacted.

## II. MATERIAL FACTS

Unless otherwise stated, the following facts are not in dispute.

Plaintiff was an employee of the USDA. ECF No. [76] ¶1. The USDA commissioned contractor, ADR Vantage, Inc., ("ADR Vantage") to provide a climate-assessment report to the USDA about the work environment at the USDA's Miami field office. *Id*. ¶¶ 7-8. After ADR Vantage provided its assessment report, Plaintiff sued ADR Vantage for defamation and civil conspiracy in *Joey D. Gonzalez v. ADR Vantage, Inc.*, Case No. 2018-004365-CA-01 (Fla. 11th Jud. Cir.) ("ADR Vantage I"). *Id*. ¶ 12. That case was ultimately removed to federal court and dismissed for lack of personal jurisdiction over ADR Vantage. *Id*. ¶ 13. Plaintiff then sued ADR Vantage in the United States District Court for the District of Columbia in *Gonzalez Ramos v. ADR Vantage*, Case No. 18-cv-1690 (D.D.C.), 2021 WL 4462611 (D.D.C. 2021) ("ADR Vantage II"). *Id*. ¶ 14.

In ADR Vantage II, Plaintiff alleged that USDA had hired ADR Vantage just to smear him, in retaliation for what he claimed were protected activities at the agency and that ADR Vantage defamed him, conspired against him, invaded his privacy, and intentionally inflicted emotional distress upon him. *Id*. at ¶¶ 15, 16. The USDA intervened in ADR Vantage II for the limited purpose of objecting to Plaintiff's discovery demands and was represented by DOJ attorney Truong and USDA attorney Eisemann for that purpose. *Id*. ¶¶18-19. ADR Vantage was represented in ADR Vantage II by attorney John Murphy ("Murphy"). *See id*. ¶ 27.

---

[1] A *Vaughn* Index "is a detailed index showing justification for withholding each document." *Miscavige v. I.R.S.*, 2 F.3d 366, 367 (11th Cir. 1993).

Plaintiff's employment with the USDA was initially terminated in August of 2016. *Id*. ¶ 17. While ADR Vantage II was ongoing, Plaintiff successfully appealed his termination before the Merit Systems Protection Board ("MSPB"). In September 2019, the MSPB issued an initial decision ordering the USDA to reverse Plaintiff's termination and to pay Plaintiff the appropriate amount of back pay with interest. *Id*. ¶¶ 22-23. The USDA complied with the MSPB order. *See id*. ¶ 24.

On March 2, 2020, the deposition of ADR Vantage's corporate representative, Diane Lipsey, was taken by Plaintiff. *See generally* ECF No. [75-6]. Also present for that deposition were Murphy, Eisemann, and Truong. ECF No. [75] *at* 6. During the course of the deposition, the parties took three breaks. *Id*. The first lasted five minutes, the second lasted two minutes, and the third lasted fifteen minutes. *Id*. On March 2, 2020, after the deposition, Murphy emailed Eisemann, stating:

> Vanessa,
> Nice meeting you and John today. Following up on our discussion, is there any documentation that you can share with me showing the USDA has paid Plaintiff his back leave and placed him on admin leave? I'd like something to use as an exhibit for my MSJ to show that he has no damages.
> See you both tomorrow,
> Thanks,
> John

ECF No. [75-7].

Eisemann responded the same day, stating in relevant part:

> Any kind of payroll or personnel records are covered by the Privacy Act, so Joey would have to agree to their production either in response to a subpoena or FOIA request.
>
> I think the MSPB decision, which is published and publicly available, is your best bet. The MSPB ordered reinstatement and back-pay, so unless Joey were to argue that USDA didn't comply with the order, that should be sufficient.

*Id*.

Murphy read the MSPB decision and believed that Plaintiff was practicing law full time while pursuing his claims against ADR Vantage rather than physically working for USDA. ECF No. [76] ¶¶ 27-28. Murphy drafted a motion for summary judgment in ADR Vantage II and included the following three excerpted paragraphs:

> Despite a raft of discovery "disputes" initiated by Plaintiff, the undisputed facts developed during the course of discovery reveal that ADR never defamed Plaintiff. Further, in connection with separate litigation by Plaintiff against the USDA, the United States Merit Protection Board ordered that Plaintiff be reinstated with back-pay due to technical reasons unrelated to this litigation. Upon information and belief, Plaintiff is now on paid administrative leave collecting a salary at the expense of U.S. taxpayers and, at the same time, operating his own law practice, all while wasting valuable governmental resources with his ongoing and unrelenting litigation tactics. Because the instant litigation is devoid of any legal merit, summary judgment and sanctions are now warranted.

ECF No. [75-8] at 5.

> On September 3, 2019, the Merit Protection Board concluded that while Plaintiff failed to prove its case of retaliation against the USDA, due to technical deficiencies in changes to its appraisal system, the Plaintiff was entitled to be reinstated and receive back pay from the date of his termination. Presumably the USDA has complied and paid Plaintiff his backpay, as well as put him on paid administrative leave as a full time USDA employee while he simultaneously maintains his own private law practice.

ECF No. [75-8] at 9 (internal citation omitted).

> Plaintiff's complete and utter failure to generate any dispute which could survive summary judgment is not surprising when this case is viewed in context. Plaintiff fails to see any self-accountability for his actions and believes everyone is "conspiring" against him. The instant litigation against ADR is just part of a long series of EEOC complaints, civil lawsuits, and administrative actions initiated by the Plaintiff. To make matters worse, unless and until his litigation against the USDA and its agents comes to an end, Plaintiff is wasting valuable resources within our judicial system and the Department of Justice. Equally disturbing, Plaintiff's actions are being funded in part by the United States through his paid administrative leave, all while he continues with the separate operation of his own law practice. To any objective observer, this is the epitome of waste, fraud and abuse.

ECF No. [75-8] at 23.

On November 24, 2021, Plaintiff submitted a FOIA request to the USDA's Office of Information Affairs general electronic mailbox. *Id*. ¶ 60. On November 24, 2021, the USDA

acknowledged the request and assigned it tracking number 2022-REE-00941-F. *Id*. ¶ 62 A final determination was issued for 2022-REE-00941-F on October 5, 2022. *Id*. ¶ 64. On January 4, 2023, a supplemental response to 2022-REE-00941-F was issued and certain previously redacted information otherwise exempt from disclosure under FOIA was disclosed. *Id*. ¶ 65.

On December 23, 2021, Plaintiff submitted a FOIA request to the USDA's Office of Information Affairs. *Id*. ¶ 63. The request sought two categories of information and was assigned two tracking numbers. *Id*. ¶¶ 63, 66. The portion of Plaintiff's request seeking information about USDA lawyers Stephanie Ramjohn Moore and Eisemann was assigned tracking number 2022-REE-00941-F and the remaining portions of Plaintiff's request was assigned tracking number 2022-REE-01399-F. *Id*. ¶ 66. A final determination on 2022-REE-01399-F was issued on January 14, 2022, which Plaintiff appealed on January 31, 2022, for alleged improper application of 5 U.S.C. § 552(b)(5). *Id*. ¶¶ 67-68. On September 14, 2022, a supplemental response to request 2022-REE-01399 was sent including additional records in response to an extended search using additional terms. *Id*. ¶ 69.

### III.   LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451

F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

IV. **DISCUSSION**

A. **Count I - Privacy Act**

Defendant first contends that "Plaintiff has not adduced, and cannot adduce, evidence that the fact of his status on paid administrative leave qualifies as a 'record' retrieved from a 'system

7

of records' for the purpose of his Privacy Act claim" and "even if Plaintiff's status on paid administrative leave qualifies as a 'record,' Plaintiff has not adduced, and cannot adduce, evidence that anyone acting on behalf of USDA disclosed it to Murphy." ECF No. [70] at 9. Plaintiff responds that this Court "has already ruled that 'one's status on administrative leave is related to one's job performance, the disclosure of which would be an unwarranted invasion of personal privacy and would violate the Privacy Act.'" ECF No. [75] at 15 (quoting ECF No. [40] at 7). Plaintiff contends that Eisemann and Truong "knew that [he] was on administrative leave and had the opportunity, the motivation, and the intention to disclose that information" to Murphy. *Id*. at 14.

To show a violation of the Privacy Act, a plaintiff must demonstrate: "(1) the government failed to fulfill its record-keeping obligation; (2) the agency acted intentionally or willfully in failing to perform its obligation; (3) the failure proximately caused an adverse effect on an individual; and (4) that individual suffered actual damages." *Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010).

Defendant contends that it did not violate the Privacy Act because Plaintiff's information was not improperly disclosed. Plaintiff responds that Defendant failed to fulfill its record-keeping obligation when its representatives, Eisemann and Truong, disclosed his status on paid administrative leave to Murphy.

Viewing the record evidence in the light most favorable to Plaintiff as the non-moving party, there exists nothing more than conclusory allegations and speculation to support Plaintiff's contention that his information was disclosed. Plaintiff argues that the three attorneys deposed in this case, Murphy, Eisemann, and Truong, testified that they did not make the disclosure or denied the disclosure was made at all. Plaintiff contends that despite the consistent testimony of the three

attorneys involved in the alleged violation of the Privacy Act, "neither Defendant nor Murphy provided a logical and convincing explanation that justifies how Murphy learned about [his] status in administrative leave from other than Truong or Eisemann." ECF No. [75] at 14. Plaintiff argues that "Defendant is trying to use the 'I don't remember of its witnesses to convince this Court that there are no genuine issues of fact in dispute.'" *Id*. at 15. Plaintiff further contends that Murphy's email to Eisemann and her response are circumstantial evidence that Murphy learned or confirmed his status in administrative leave from Eisemann and/or Truong. *Id*. at 14.

"[S]peculation cannot create a genuine dispute of material fact to defeat summary judgment." *Espinoza v. Target Corp.*, 843 F. App'x 168, 173 (11th Cir. 2021); *see also Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015) ("Conclusory allegations and speculation are insufficient to create a genuine issue of material fact.").

Plaintiff relies heavily on the below email from Murphy to Eisemann:

Vanessa,
Nice meeting you and John today. Following up on our discussion, is there any documentation that you can share with me showing the USDA has paid Plaintiff his back leave and placed him on admin leave? I'd like something to use as an exhibit for my MSJ to show that he has no damages.
See you both tomorrow,
Thanks,
John

ECF No. [75-7]. Plaintiff contends that Murphy's reference to a prior discussion is evidence that Eisemann and Truong had disclosed his status on administrative leave earlier that day. Murphy, Eisemann, and Truong each testified that they did not remember Plaintiff's status on administrative leave being disclosed by Eisemann or Truong to Murphy. Murphy testified that Eisemann told him that she could not reveal any details about Plaintiff's status with the USDA. Indeed, Eisemann's response to Murphy's email states in part, "[A]ny kind of payroll or personnel records are covered by the Privacy Act, so Joey would have to agree to their production … ." *Id*. While Plaintiff may

9

believe that Murphy must have been told about his status on administrative leave prior to sending the email, and Plaintiff believes that in the discussion, as referenced in Murphy's email, such a disclosure took place, Plaintiff has not supplied any evidence to support his belief.

By contrast, Murphy has consistently explained that he only presumed that Plaintiff was on administrative leave because he assumed that the USDA complied with the MSPB decision directing the USDA to pay Plaintiff back pay and restore his position. Murphy explained that he also knew Plaintiff was actively practicing law independently and assumed that Plaintiff was on administrative leave rather than working at the USDA, after having been restored pursuant to the MSPB decision. The motion for summary judgment filed by Murphy in the ADR Vantage litigation disclosed Plaintiff's status on administrative leave. However, in that motion, Murphy qualified his assertion that Plaintiff was on administrative leave stating, "upon information and belief" and "presumably" in the factual sections of ADR Vantage's motion, arguing without any conditional language that Plaintiff was on administrative leave only in the conclusion section. *See* ECF No. [75-8] at 5, 9. That representation is consistent with Murphy's testimony that, at the time he filed the motion, he was not certain but had only inferred that Plaintiff was on administrative leave.

Moreover, the two individuals Plaintiff alleges disclosed his information, Eisemann and Truong, do not remember making such a disclosure. *See* ECF Nos. [75-12] at 12:22-13:18, [75-13] at 34:8-36:3. The person to whom Plaintiff alleges the disclosure was made, Murphy, remembers that no one told him that Plaintiff was on administrative leave. ECF No. [75-15] at 36:1-37:6.

Plaintiff's reliance on this Court's ruling on Defendant's Motion to Dismiss is misplaced. In its Order the Court found, taking the allegations as true, that Plaintiff sufficiently plead his claim

under the Privacy Act and that Plaintiff's status on administrative leave would be protected by the Privacy Act. Now, analyzing Defendant's Motion for Summary Judgment, the Court views the facts in the light most favorable to Plaintiff as the nonmoving party. The record evidence however does not contain facts from which a reasonable juror could conclude that Plaintiff's status on administrative leave was disclosed to Murphy by Eisemann or Truong. Plaintiff was not present at the time of the alleged disclosure and does not claim to have heard the disclosure and the record does not contain facts that support his allegations. As such, viewing the evidence in Plaintiff's favor, there is no dispute of material fact. There is no record evidence to support the allegations that USDA's representatives retrieved information regarding Plaintiff's leave status from a system of records protected by the Privacy Act or that any person representing USDA disclosed Plaintiff's leave status. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986) ("Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.") Summary judgment is granted in favor of Defendant on Count I, Plaintiff's Privacy Act claim.

Because the Court has concluded that summary judgment is granted in favor of Defendant it does not reach the question of whether the Eleventh Circuit recognizes a rule of retrieval or whether such rule was violated in this case.

### B. Counts II through VI - Freedom of Information Act

Defendant next argues that it conducted an adequate search for materials responsive to the two FOIA requests at issue, produced all non-exempt records, described all of the material withheld, identified the individual responsible for the agency's determinations, and therefore is entitled to summary judgment on Counts II through VI. Plaintiff responds that Defendant violated multiple requirements of FOIA to timely notify him, provide the name of persons responsible for

the denial of records, failed to provide a *Vaughn* Index or an explanation for its failure to disclose responsive documents unredacted, and the Court should therefore deny summary judgment on Counts II through VI. Plaintiff also notes that Defendant did not specifically address Counts II, IV, V, or VI in its Motion.

"A district court has jurisdiction over a complaint brought under the FOIA 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1188 (S.D. Fla. 2012), *aff'd*, 568 Fed. Appx. 690 (11th Cir. 2014) (quoting 5 § U.S.C. 552(a)(4)(b)).

"To establish the adequacy of a search for responsive documents, a government agency 'must show beyond a material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Broward Bulldog, Inc. v. U.S. Dep't of Justice*, 939 F.3d 1164, 1176 (11th Cir. 2019) (quoting *Miccosukee Tribe*, 516 F.3d 1235, 1248). "Because the standard is one of reasonableness, the Act does not require an agency to exhaust all files which conceivably could contain relevant information." *Id*. (internal quotation marks omitted) (alterations adopted). "[T]he late production of documents does not necessarily create an adverse inference. Instead, we must evaluate the reasoning behind the delay to determine what inference, if any, can be or should be drawn." *Id*. (internal quotation marks and citation omitted).

### i. Counts II and VI

Defendant argues that it is entitled to summary judgment on Counts II and VI of Plaintiff's Complaint. Counts II and VI allege that Defendant failed to timely notify Plaintiff whether it would comply with his FOIA request in violation of 5 U.S.C. § 552(a)(6)(A)(i) (Count II) and failed to timely respond to Plaintiff's appeal in violation of 5 U.S.C. § 552(a)(6)(A)(ii) (Count VI).

Defendant argues that "the only consequence that flows from an agency's failure to respond within the statutory deadlines is that a FOIA requester may file suit without being subject to the ordinary requirement that he exhaust his administrative remedies." ECF No. [79] at 8 (citing *Citizens for Responsibility & Ethics in Washington v. Fed. Election Com'n*, 711 F.3d 180,189 (D.C. Cir. 2013). The Court agrees with Defendant.

Defendant does not contest that it failed to comply with the statutory timeframes required by FOIA. However, "an agency's failure to comply with these statutory deadlines is not an independent basis for a claim." *Roseberry-Andrews v. Dep't of Homeland Sec.*, 299 F. Supp. 3d 9, 20 (D.D.C. 2018); *see also Scott v. Internal Revenue Serv.*, 18-CV-81750, 2021 WL 2882014, at *9 (S.D. Fla. July 9, 2021) ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court."). Because Counts II and VI allege failures to comply with statutory timeframes required by FOIA and those statutory deadlines do not provide an independent basis for a claim, the Court must grant summary judgment in favor of Defendant on Counts II and VI.

  **ii.** **Count V**

Defendant argues that it is entitled to summary judgment on Count V because "each of Defendant's responses to Plaintiff's FOIA requests identified the individual responsible for the agency's determinations and provided the individual's title/position." ECF No. [79] at 8. Plaintiff responds that failing to provide the name of the persons responsible for the denial of records is a failure to comply with a housekeeping matter, in violation of the statute.

"Once the moving party has supported its motion for summary judgment, the burden shifts to the nonmoving party to present specific facts showing that there remains a genuine issue for trial." *Guidry v. Comey*, 692 F. App'x 975, 977 (11th Cir. 2017)

The record evidence demonstrates that each of the responses to Plaintiff's FOIA requests is signed by Alexis R. Graves, Director, Office of Information Affairs, and includes contact information for a person to call if there are any questions. *See* ECF Nos. [70-4], [70-5], [70-9], [70-11]. Plaintiff has not supplied any evidence to refute the fact that adequate information was provided. Furthermore, Plaintiff has not demonstrated that failure to provide the name and position of the person responsible for the denial of records constitutes a basis for a separate cause of action.

Defendant supported its motion with copies of the responses to Plaintiff's FOIA requests provided to Plaintiff, ECF Nos. [70-4], [70-5], [70-9], [70-11], and Plaintiff has failed to present any facts showing that a genuine issue of material fact exists regarding Defendant's failure to provide the name and title or position of the individual responsible for Defendant's determination of Plaintiff's FOIA requests. Because there is no dispute as to any material fact, the Court finds that summary judgment is appropriate in favor of Defendant as to Count V.

### iii. Counts III and IV

Defendant argues that it is entitled to summary judgment on Counts III and IV because the Graves Declaration, ECF No. [70-1], and *Vaughn* Index, ECF No. [70-12], provide specific information sufficient to place the responsive information withheld by USDA within the FOIA Exemption claimed. Plaintiff responds that Plaintiff failed to timely identify the particular issue or policy that justified withholding responsive documents under Exemption 5. FOIA's Exemption 5 allows documents covered by the deliberative process privilege, attorney-client privilege, and attorney work product privilege to be withheld. *See Miccosukee Tribe*, 516 F.3d at 1257 ("Exemption 5, incorporates into FOIA the statutory and common law privileges normally available to a party in civil discovery. Here, the [defendant] withheld documents pursuant to the

Case No. 22-cv-20312-BLOOM/Otazo-Reyes

Section 5 Exemption in three categories of privilege—deliberative process, attorney-client, and attorney work product.").

As previously discussed, failure to comply with statutory timeframes required by FOIA, does not constitute an independent basis for a claim. As such, whether the proffered justifications for withholding responsive documents were timely provided is not relevant to the Court's analysis of the instant motion. The Eleventh Circuit has explained that "the late production of documents *may* support an 'adverse' inference if the agency fails to produce a reasonable explanation for the delay." *Broward Bulldog, Inc. v. U.S. Dep't of Justice*, 939 F.3d 1164, 1178 (11th Cir. 2019) (emphasis in original).

The issue before the Court is whether Defendant properly produced all responsive documents not subject to a FOIA exemption. Defendant argues that it met its obligations under FOIA by conducting an adequate search for responsive records and producing all non-exempt portions of the responsive material to Plaintiff. Plaintiff does not contend that documents were improperly withheld but argues only that Defendant "failed to comply with housekeeping matters such as its failure to segregate responsive records" and that "there is no question that [Defendant] failed to timely identify the particular issue or policy that according to FOIA justified withholding responsive documents under Exemption 5." ECF No. [75] at 16. Plaintiff also contends that "Defendant failed to provide a *Vaughn* Index or any explanation whatsoever for its failure to disclose responsive documents unredacted." *Id*.

Plaintiff's assertion that Defendant failed to provide a *Vaughn* Index or any explanation for its failure to disclose documents unredacted is directly contradicted by record evidence, specifically the Graves Declaration and *Vaughn* Index filed by Defendant. *See* ECF Nos. [70-1], [70-12]. The Court has reviewed the Graves Declaration and *Vaughn* Index which provide

justifications for redacting certain responsive documents and withholding others pursuant to recognized FOIA exemptions. Plaintiff does not challenge any specific document withheld or the justifications proffered in the Graves Declaration or *Vaughn* Index.

The Eleventh Circuit "has held that in FOIA litigation, an agency has the burden of proving that it properly invoked any FOIA exemptions when it decided to withhold information." *Miccosukee Tribe*, 516 F.3d at 1258. "[I]n this Circuit, an adequate factual basis may be established, depending on the circumstances of the case, through affidavits, a *Vaughn* Index, *in camera* review, *or* through a combination of these methods." *Id*. (emphasis in original).

Defendants have provided both a declaration and a *Vaughn* Index to establish an adequate factual basis demonstrating that it properly invoked FOIA exemptions when it decided to withhold information. The *Vaughn* Index lists responsive documents by bates numbers, describes the groups of documents listed, lists the FOIA Exemption or basis for withholding, and provides a written justification for the withholding in paragraph form. *See* ECF No. [70-12]. The Declaration of Alexis Graves also certifies that Defendant "carefully reviewed each responsive record on a page-by-page and line-by-line basis to identify reasonably segregable, non-exempt information." ECF No. [70-1] at 18. The Declaration further certifies that "[a]ll information not exempted from disclosure pursuant to the FOIA exemptions … was correctly segregated and non-exempt portions were released." *Id*.[2]

Because Plaintiff does not lodge specific challenges to any of the documents withheld and has failed to point to any evidence to rebut Defendant's assertion of compliance with its obligations

---

[2] Under similar circumstances, a court in this circuit determined that the "attestation, when combined with the presumption that agencies comply with their duty of segregation, is sufficient to demonstrate Defendants' compliance with FOIA's segregability requirement." *Greenberger v. Internal Revenue Serv.*, 283 F. Supp. 3d 1354, 1377-78 (N.D. Ga. 2017).

under FOIA, there is no dispute of material fact. The Court grants summary judgment as to Counts III and IV in favor of Defendant.

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment, **ECF No. [75]**, is **GRANTED**.

2. A final judgment shall be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 24, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Joey D Gonzalez Ramos
Joey Gonzalez, Attorney, P.A.
P. O. Box 145073
Coral Gables, FL 33114
United States
3057203114
Fax: 3056768998
Email: joey@joeygonzalezlaw.com